CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV 24 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GEORGE MUDD, | ) | Civil Action No. 7:08-cv-00641 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| IRWIN W. FISH, | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

George Mudd, a federal inmate proceeding pro se, filed a civil rights complaint, pursuant to Bivens v. Federal Narcotics Agents, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Mudd names Irwin W. Fish as the sole defendant. Mudd alleges that Fish violated his Eighth Amendment right to medical care. Mudd requests $10 million in compensatory damages and a consultation with private medical providers. Fish filed a motion to dismiss, and Mudd responded, making the matter ripe for disposition. After reviewing the record, I grant Fish's motion because Fish is absolutely immune from this Bivens suit.

I.

A.

Mudd alleges the following facts. Mudd woke unable to walk or move with severe pain in his buttocks and left leg and numbness in his left foot while a prisoner at the United States Penitentiary at Lee County, Virginia ("USP Lee"). (Compl. 2.) Prison staff delivered Mudd to the medical department in a wheel chair where Fish worked as a physician assistant. Defendant Fish asked Mudd to position himself in particular ways that Mudd could not do because of the pain. (Id. 2.) Fish began to yell at Mudd, refused to treat him, and sent Mudd back to his cell. Fish refused to see Mudd unless Mudd appeared at sick call at 6:30 a.m., but Mudd could not walk for the first two to three hours each day because of the pain. Mudd experienced so much

pain that he could no longer sit or walk, and he was confined to his bunk for eight days. Mudd repeatedly pushed the emergency button because of the pain, but Fish refused to send anyone to get him and reiterated that Mudd should appear at sick call. Mudd "was not fed by [the] B.O.P. for eight days" while he was incapacitated. (Id. 2.) Mudd argues that Fish's refusal to treat him amounts to cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

B.

Fish attaches his affidavit and Mudd's medical record to his motion to dismiss, which I will consider; thus, I consider Fish's motion to dismiss as a motion for summary judgment. See Fed. R. Civ. P. 12(d). Fish avers that he is a Commissioned Officer in the United States Public Health Service ("PHS") and was also commissioned as such during all times relevant to Mudd's complaint. (Def.'s Aff. (docket #25) Ex. 2 ¶ 31.) However, Fish is no longer assigned to the Federal Bureau of Prisons at USP Lee. (Id. ¶ 2.) In his response to Fish's motion, Mudd argues that Fish is not entitled to absolute immunity because he sues Fish in his individual capacity and not in his official capacity. (Pl.'s Resp. (docket #34) 2.)

II.

A victim of a constitutional violation by a federal agent has a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. Bivens, 403 U.S. at 389. However, relief under Bivens is inappropriate in two situations: when a court should consider special factors to deny relief in the absence of a Congressional act or when Congress explicitly declares that an alternative remedy is the exclusive means of recovery and it is equally effective. Id. at 396-97.

Mudd's suit against Fish under Bivens is not the appropriate cause of action. Congress explicitly declared that the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., is the exclusive remedy for claims arising from the medical services provided by an officer of the PHS. 42 U.S.C. § 233(a). Section 233(a) states:

> The remedy against the United States provided by [the Federal Tort Claims Act] . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the [PHS] while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim.

Id. See, e.g., Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000).

Fish declares in his affidavit that he is a commissioned officer in the PHS and was assigned to USP Lee while Mudd was incarcerated there. He examined and treated Mudd on numerous occasions, and Mudd does not dispute that Fish was a commissioned officer in the PHS or that he was acting within the scope and course of his employment at the time of the alleged incidents. Therefore, I find that the Fish's alleged failure to provide Mudd with adequate medical treatment, if true, occurred within Fish's capacity as an officer of the PHS.

Mudd's argument that Fish is not entitled to absolute immunity because Mudd sues him in his individual capacity does not affect Fish's absolute immunity. Section 233 provides that the FTCA is the exclusive remedy for all damages claims arising from Fish's medical treatment while employment at USP Lee, regardless if the suit is against Fish in his official or individual capacity. Mudd's allegation that he sues Fish in his individual capacity prevents the exercise of any equitable relief, and Fish is no longer employed at USP Lee. Accordingly, Fish is immune from this Bivens action, pursuant to 42 U.S.C. 233(a), and I grant Fish's motion for summary

3

judgment.[1]

III.

For the foregoing reasons, I grant the defendant's motion for summary judgment.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

**ENTER:** This 24th day of November, 2009.

Jackson L. Kiser
Senior United States District Judge

---

[1] Mudd did not allege any tortious act by Fish, did not argue his case under the FTCA, and did not provide any evidence of administrative exhaustion of any FTCA claim. I accordingly decline to construe the complaint as one also arising under the FTCA.